STATE OF WEST VIRGINIA

*In re*: **C.T.**

**No. 17-0389** (Wood County 15-JA-163)

**FILED**

**September 25, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.C., by counsel Jessica E. Myers, appeals the Circuit Court of Wood County's March 22, 2017, order terminating his parental rights to C.T.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Courtney L. Ahlborn, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him without clear and convincing evidence of abuse and neglect; in denying his motion for a post-adjudicatory improvement period; and in terminating his parental rights without considering less-restrictive alternatives.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 3, 2015, the DHHR filed a petition alleging petitioner and his former girlfriend abused and neglected their child, C.T. The petition was filed due to the unexplained injuries to the child, particularly cigarette burns on the child's hands. In February of 2016, the DHHR filed an amended petition alleging that petitioner had his parental rights to an older child involuntarily terminated in 2013. According to the amended petition, in the earlier case, petitioner physically abused his then eight-year-old daughter, which included repeatedly hitting her with a spiked belt.

In September of 2016, the DHHR filed a second amended petition and alleged that, since the prior termination, petitioner had been convicted of several violent crimes, including destruction of property, domestic violence, and the battery of a police officer. The DHHR also

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

alleged that an incident took place after the prior termination of parental rights where petitioner's cigarette burned a child.[2] In the police officer's report of the burn incident, petitioner said

> [the child] kept trying to crawl through the chair I put across the doorway so he couldn't get back into the room. I picked him up and thought I just tapped him and the end of my cigarette fell off and went down his shirt. When I saw him wiggling I ripped his shirt off to find it but it already burnt him.

In the petition, the DHHR also alleged that a parental fitness evaluation stated

> [i]t is apparent today that [petitioner] has little to no self-insight and he lacks a sense of problem ownership. It is not possible to improve his skill set when he refuses to acknowledge or accept his weaknesses and deficiencies. He has failed to profit from experience in the past as he has had his parental rights terminated on another child and CPS has substantiated abuse against him with yet another child. He is not considered fit to be considered as a caregiver to his son, [C.T.].

In October of 2016, the circuit court held an adjudicatory hearing wherein petitioner admitted to his prior termination and the circuit court found petitioner abused and neglected the child. The DHHR provided testimony that in February of 2013, petitioner's parental rights to a sibling of C.T. were involuntarily terminated and since the prior termination, petitioner had been convicted of domestic violence, destruction of property, public intoxication, and battery of a police officer. Further, the circuit court found that petitioner had not remedied the conditions of abuse and neglect that led to the prior termination.

In November of 2016, the circuit court held a dispositional hearing where petitioner admitted that he had made no effort to remedy the issues surrounding his physical abuse of children. Petitioner testified that he did not complete his prior improvement period involving his older child. Petitioner further testified that he had not participated in services since his prior termination other than attending Alcoholics Anonymous as required by his home incarceration imposed for unrelated criminal charges. Petitioner testified that he had completely ceased drinking alcohol. The circuit court continued the dispositional hearing to December of 2016.

In December of 2016, the circuit court concluded the dispositional hearing. The DHHR presented testimony that petitioner had been dishonest regarding his alcohol consumption given that he reported during a substance abuse evaluation that he continues to drink beer every couple of weeks. The DHHR reported that although petitioner participated in services during the period between the initial and final dispositional hearings, he failed to acknowledge his pattern of physically abusing children, and repeatedly tested positive for marijuana. The DHHR also testified that, according to his evaluation, petitioner lacked a sense of ownership of his problems and refused to acknowledge his weaknesses and deficiencies as a parent. Ultimately, the circuit court found that the evidence established petitioner's continued failure to confront and overcome his chronic abuse and violent behavior which contributed to his repeated acts of physical abuse on children. Based upon this evidence, the circuit court found no reasonable likelihood that the

---

[2]It does not appear from the record on appeal that petitioner had any relation to this child.

conditions of neglect and abuse could be substantially corrected in the near future and that termination of his parental rights was necessary for the child's welfare. As such, the circuit court terminated petitioner's parental rights in its March 22, 2017, order.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings below.

First, petitioner argues that the circuit court erred in adjudicating him without clear and convincing evidence of abuse and neglect. In support of this argument, he asserts that the evidence fails to establish that he failed to remedy the circumstances that led to the prior involuntary termination. This argument is without merit. We have previously held:

> "[w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ 49-6-1 to -12 (1998) [now West Virginia Code §§ 49-4-601 through 49-4-610]. Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § 49-6-5b(a) (1998) [now West Virginia Code § 49-4-605(a)] is present."

*In re Kyiah P.*, 213 W.Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999)).

---

[3]Both parent's parental rights were terminated below. According to the guardian and the DHHR, the child is placed in a foster home with a goal of adoption in that home.

The record on appeal clearly shows that petitioner failed to correct the conditions which led to his prior termination of parental rights and that such conditions pose a threat of harm to C.T. Petitioner admitted that he did not comply with the terms of his prior improvement period and that he had done nothing to remedy his pattern of violent behavior. The DHHR presented evidence that petitioner was convicted of other violent crimes after the prior termination of his parental rights. Further, petitioner repeatedly tested positive for marijuana and continued to drink alcohol. For these reasons, the circuit court did not err in adjudicating petitioner as an abusing parent.

Next, petitioner argues that he should have been granted a post-adjudicatory improvement period. In support of his argument, petitioner asserts that, following the adjudicatory hearing, he complied with services including drug testing, visitation, and parenting and adult life skills classes. We disagree. In order to obtain a post-adjudicatory improvement period, West Virginia Code § 49-4-610(2)(B) requires that the parent "demonstrates, by clear and convincing evidence, that [the parent] is likely to fully participate in an improvement period . . . ." Further, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").

Here, petitioner failed to prove by clear and convincing evidence that he was likely to substantially comply with the terms and conditions of an improvement period. Petitioner admitted that he did nothing from the time of his prior termination of parental rights in 2013 to the present to correct the conditions which led to his prior termination. Petitioner further admitted that he had not participated in therapy or services to remedy the conditions of abuse and neglect, nor did he participate in anger management treatment, or substance abuse treatment, aside from attending Alcoholics Anonymous meetings for a period of time in 2015, as a condition of home incarceration. Further, the record on appeal indicates that between November 1, 2016, and December 20, 2016, petitioner repeatedly tested positive for marijuana, clearly indicating that he would not be likely to comply with the terms and conditions of an improvement period. Therefore, the circuit court did not err in denying petitioner a post-adjudicatory improvement period.

Finally, petitioner argues that the circuit court erred in terminating his parental rights. In support of this assignment of error, petitioner argues that, because of his participation in services, the circuit court should have considered a less-restrictive alternative. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are directed to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when " '[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the

4

use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

Here, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. The record shows that petitioner complied only minimally with services and continued to provide positive drug screens. The record on appeal shows that petitioner continued to use marijuana and alcohol, failed to recognize his pattern of physically abusing children, and refused to acknowledge his weaknesses and deficiencies as a parent. Moreover, the circuit court also found that termination was necessary for the children's welfare. As previously stated, pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 22, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: September 25, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker